IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

GREAT LAKES INSURANCE SE, )
)
                         Plaintiff, )
)
vs. )
)
MICHAEL L. ANDREWS, RAY A. PERRIN, and )
RAJJ ENTERTAINMENT, INC. d/b/a Tool )
Shed Lounge, )
)
                        Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff Great Lakes Insurance SE, (hereinafter "plaintiff" or "Great Lakes"), and for its Complaint for Declaratory Judgment, states, alleges and avers as follows:

1. This is an action for declaratory judgment under Federal Rule 57 and 28 U.S.C. 1332(1)(1) regarding a policy of commercial general liability insurance issued to Ray Perrin d/b/a The Tool Shed, Policy No. GLS100069, a policy period of July 30, 2012 to July 30, 2013, a copy of which is attached as Exhibit A.

2. This Court has diversity jurisdiction in this matter as the amount in controversy exceeds $75,000, and diversity exists. Plaintiff Great Lakes is an excess and surplus lines insurer in Munich, Germany and is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX.

3. Defendant Ray A. Perrin resides at 4305 Huntington Way, Independence Missouri 64055.

4. Defendant Rajj Entertainment, Inc. d/b/a Tool Shed Lounge ("Rajj") is a Missouri corporation with its principal place of business located at 14940 E. U.S. Highway 40, and the

1

registered agent for the corporation is Ray A. Perrin, 14940 E. U.S. Highway 40, Kansas City, MO 64136.

5. Defendant Michael L. Andrews is a resident of Kansas City, Missouri and may be served through his attorney, Theodore C. Beckett, III, 2345 Grand Boulevard, Suite 1600, Kansas City, Missouri 64108.

6. On July 18, 2019, Ray A. Perrin filed for Chapter 13 bankruptcy, a true and correct copy of the Notice of Bankruptcy is attached as Exhibit B.

7. Plaintiff seeks to have any stay of this proceeding lifted due to the bankruptcy as the determination of coverage is ripe for determination and will decide the liability, if any, of Great Lakes for a judgment entered against Ray A. Perrin and Rajj.

8. Diversity jurisdiction is present as no defendant is a resident of the country of plaintiff and the amount at issue exceeds the jurisdiction amount.

9. The amount in controversy exceeds $75,000 as evidenced by the Judgment attached hereto as Exhibit C arising from the lawsuit of Michael Andrews v. Ray A. Perrin, et al., filed in the Circuit Court of Jackson County, Missouri, Case No. 1716-CV17820 (underlying lawsuit). Venue is also proper in this Court as certain claimed acts and omissions giving rise to this action occurred in Kansas City, Missouri.

10. The underlying lawsuit alleged, in part, that Michael Andrews and Kyle Buelterman were in an altercation in the parking lot of The Tool Shed, and that Michael Andrews was struck and sustained injuries. (Petition in underlying lawsuit attached as Exhibit D; see also docket sheet attached as Exhibit E).

11. As a result of the underlying lawsuit, request was made on plaintiff Great Lakes for defense of the allegations, and Great Lakes provided a defense under reservation of rights to

2

Ray Perrin and Rajj through the judgment, and has continued to provide services to Ray Perrin and Rajj through the firm of Brown & James since judgment was entered against Rajj and Perrin.

12. This declaratory judgment action is proper as a justiciable controversy exists between the parties regarding the respective rights and obligations under Exhibit A in connection with the Judgment in the underlying lawsuit, and resolution of matters raised in this action will dispose of the issues between the parties as to insurance coverage as the judgment is currently being appealed. (Notice of Appeal attached as Exhibit F).

13. The controversy giving rise to this action arises from the underlying lawsuit on which the jury was ultimately instructed.

14. The verdict directors in the underlying lawsuit, specifically Nos. 7 and 8, provide as follows:[1]

> In your verdict, you must assess a percentage of fault to Defendant whether or not Plaintiff was partly at fault, if you believe:
>
> First, either:
>
> Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in failing to provide Plaintiff with reasonably safe ingress, egress and means to travel while Plaintiff was on the premises of the Tool Shed Lounge, or to otherwise exercise reasonable and ordinary care to make the premises of the Tool Shed Lounge safe for Plaintiff, or
>
> Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in failing to protect Plaintiff while he was at the Tool Shed Lounge, or
>
> Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in failing to warn Plaintiff about the dangers which existed at the Tool Shed Lounge, or

---

[1] Instruction Nos. 6-15 are collectively attached as Exhibit G.

3

Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in failing to provide adequate security to Plaintiff and other patrons of the Tool Shed Lounge, and

Second, Defendants Ray A. Perrin or RAJJ Entertainment, Inc., in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, Michael sustained damage.

Use Verdict A. to return your verdict on this claim.

\* \* \* \*

In your verdict, you must assess a percentage of fault to Defendant whether or not Plaintiff was partly at fault, if you believe:

First, either:

Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in hiring Kyle Beulterman and other employees of the Tool Shed Lounge, or

Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in retaining Kyle Beulterman and other employees of the Tool Shed Lounge, or

Defendants Ray A. Perrin or RAJJ Entertainment, Inc. was negligent in failing to supervise or control Kyle Beulterman and other employees of the Tool Shed Lounge, and

Second, Defendants Ray A. Perrin or RAJJ Entertainment, Inc., in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, Plaintiff sustained damage.

Use Verdict B to return your verdict on this claim.

15. The policy issued by Great Lakes to Ray Perrin contains multiple provisions applicable to the underlying lawsuit and to any appeal and garnishments relating thereto.

16. As more fully stated herein, for coverage to be triggered under the policy issued by Great Lakes to Ray A. Perrin, there must be: 1) bodily injury; 2) during the policy period; and 3) caused by an occurrence.

17. Even if coverage is triggered, there is a question as to the application of certain exclusions and endorsements. There is also a question as to whether Rajj Entertainment, who is not listed on Exhibit A, is entitled to coverage.

18. The following language in the policy issued by Great Lakes relevant to the determination of coverage includes:

a) **SECTION I – COVERAGES**

   **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   1. **Insuring Agreement**

      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

      . . .

      b. This insurance applies to . . . "bodily injury" only if:

         (1) The . . . "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory";

b) 2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

************************

The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY,** and Paragraph **2. Exclusions** of **SECTION I – LIQUOR LIABILITY COVERAGE:**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "*physical altercation*":

a. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an *insured's employees, patrons, or other persons in, on near, or away from an insured's premises*; or

b. Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

c. Whether or not caused by or arising out of *any insured's act or omission in connection with the prevention*, suppression, or failure to warn of the "assault", "battery", or "*physical altercation*", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault", "battery", or "physical altercation", *including but not limited to, negligent hiring, training, or supervision*; or

d. Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

...

**The following is added to SECTION V-DEFINITIONS:**

1. "Assault" means any attempt of threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

2. "Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

3. *"Physical altercation" means a dispute between individual in which one or more persons sustain bodily injury arising out of the dispute.*

(Emphasis added in italics and bold).

19.     The verdict directors establish that the claims against Ray A. Perrin and Rajj were based on a "physical altercation" between Michael Andrews and Kyle Buelterman. (Ex. G). Verdict A was for the alleged failure to provide "safe travel" and Verdict B was for "negligent hiring, retaining and supervision," but the Judgment was entered only on Verdict B.

20.     Due to the policy provisions, the verdict directors, and the Judgment, Great Lakes seeks the following relief: 1) a determination that the claims in the underlying lawsuit do not constitute an "occurrence" under the Great Lakes policy attached as Exhibit A; 2) even if the claims in the underlying lawsuit constitute an occurrence, Great Lakes has no further obligation to Ray A. Perrin because of the policy exclusions and no obligation to Rajj as Rajj is not an insured, or alternatively, coverage for Rajj is excluded based on the policy exclusion.

WHEREFORE, plaintiff Great Lakes Insurance SE respectfully prays for an order of this Court requesting a declaration from the Court as follows as to the Great Lakes policy attached as Exhibit A with regard to the underlying lawsuit, Judgment and appeal:

(a)     The allegations which resulted in judgment against Perrin and Rajj as asserted by Michael Andrews do not constitute an occurrence for which a duty to defend Great Lakes was ever triggered; and/or

(b)     The allegations which resulted in judgment against Perrin and Rajj as asserted by Michael Andrews do not constitute an occurrence for which a duty to indemnify by Great Lakes is triggered; and/or

(c)     The policy provides no coverage for Rajj as Rajj is not insured; and/or

(d)     The exclusion under Coverage A for bodily injury arising from a physical altercation applies; and

(e) To enter judgment in favor of Great Lakes given the applicable provisions, exclusions and conditions set forth in the policy attached as Exhibit A; and

(f) An award of attorney's fees, expenses and costs; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

HADEN, COWHERD & BULLOCK, L.L.C.

By:_____
Laurel E. Stevenson #36313
2135 East Sunshine, Suite 203
Springfield, MO 65804-1899
(417) 883-5535 FAX: 883-5541
lstevenson@hcblawfirm.com
**Attorneys for Plaintiff**

## VERIFICATION

The undersigned, authorized representative for plaintiff Great Lakes Insurance SE verifies that the allegations in the foregoing Complaint are true and correct to the best of the undersigned's knowledge and authorizes the filing of the Complaint for Declaratory Judgment.

GREAT LAKES INSURANCE SE

By _____ Steven Sensiba_____

Its _____ Senior Claims Manager_____

Date: 25 Nov 2019