IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE, | ) |
|            Plaintiff, | ) |
| vs. | ) Case No. 4:19-cv-00953-BCW |
| | ) **ORAL ARGUMENT REQUESTED**[1] |
| MICHAEL L. ANDREWS, RAY A. PERRIN, and RAJJ ENTERTAINMENT, INC. d/b/a Tool Shed Lounge, | ) |
|            Defendants. | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) PLC) (hereinafter "plaintiff" or "Great Lakes"), and files its motion for summary judgment as to Great Lakes' obligation, if any, under an insurance policy, Policy No. GLS 100069 (Policy) regarding the claims arising from the injuries Michael Andrews brought against Ray Perrin (Perrin) and RAJJ Entertainment, Inc. (RAJJ) as a result of Andrews being physically struck on August 1, 2012. Great Lakes incorporates by reference its Suggestions in Support and Statement of Uncontroverted Material Facts (SUMF) as if set forth *in haec verba*.

Perrin and RAJJ admitted in their Answer filed on December 27, 2019 that Great Lakes' declaratory judgment action "is proper as a justiciable controversy exists between the parties" as to the rights and obligations under the Policy in connection with the judgment obtained by Andrews. (Doc. 1 at ¶ 12; Doc. 7 at ¶ 1; SUMF 2). Moreover, Perrin and RAJJ admitted that Great Lakes provided them with a defense through Brown & James, including since judgment

---

[1] Plaintiff makes its request in accordance with Local Rule 7, but if the Court believes the determination should be made on the briefs given the COVID-19 pandemic, plaintiff has no objection.

was entered while reserving its right to decline coverage, and Perrin and RAJJ also admit that resolution of matters raised in this declaratory judgment action by Great Lakes will dispose of the issues between the parties as to insurance coverage. (SUMF ¶¶ 1-3, 9).

Summary judgment is proper for one or more of the following reasons: 1) the Policy contains language "to which this insurance applies" which subjects the general insuring clause to the exclusions, including the Assault or Battery Exclusion; 2) there was no "occurrence" triggering coverage under the Policy; 3) the Policy does not provide coverage for claims arising from an "assault," "battery" and/or "physical altercation," and it is undisputed Michael Andrews' claims arose from an assault or physical altercation; and/or 4) there is a bankruptcy court order in which Judge Dow made findings of fact and conclusions of law in November 2019 that Andrews would be paid by Perrin for the judgment against Perrin for $97,500 plus interest and costs if the judgment is upheld on appeal. (SUMF 1, 4, 13).

The Policy contains several provisions, including the following relevant language:

**1.     Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

…

    A.    The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** to Paragraph **2. Exclusions** of **SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY,** and Paragraph **2. Exclusions** of **SECTION I – LIQUOR LIABILITY COVERAGE:**

    **2.     Exclusions**

    This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of an "assault", "battery", or "physical altercation":

2

  a. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on near, or away from an insured's premises in a safe condition; or

  b. Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or

  c. Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection with the "assault", "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or

  d. Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

…

**The following is added to SECTION V-DEFINITIONS:**

"Assault" means any attempt or threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not the actual injury inflicted is intended or expected.

"Physical altercation" means a dispute between individuals in which one or more persons sustain bodily injury arising out of the dispute.

(Exhibit C, Doc. 8-1 at pp. 76-77; the Assault or Battery Exclusion is also separately attached as Exhibit G).

  WHEREFORE, plaintiff Great Lakes is entitled to judgment as a matter of law in its favor as there is no genuine issue of material fact as to one or more of the following: 1) the Policy issued by Great Lakes to Perrin is unambiguous; 2) there was no "occurrence" as an

"assault" or "physical altercation" is not an "accident"; 3) the liability coverage is inapplicable because the Assault or Battery Exclusion excludes for coverage claims arising from a physical altercation and/or assault, including any claims for negligent hiring, training, or supervision and Andrews' claims arose from an "assault" or "physical altercation"; 4) Perrin and RAJJ never contested Great Lakes' reservation of rights defense provided in March 2018 and prior to the judgment in June 2019; 5) Perrin's bankruptcy filing was on July 16, 2019 and Great Lakes did not notify RAJJ and Perrin of its determination for indemnity for the judgment by Andrews until July 23, 2019; and 6) there is an order from Perrin's bankruptcy proceeding in which findings of fact and conclusions of law were made whereby Perrin agreed to pay the judgment of Andrews against Perrin if the judgment is upheld on appeal.  Great Lakes seeks such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>HADEN, COWHERD & BULLOCK, L.L.C.
>
>By:  */s/ Laurel E. Stevenson*
>      Laurel E. Stevenson  #36313
>      2135 East Sunshine, Suite 203
>      Springfield, MO  65804-1899
>      (417) 883-5535  FAX:  883-5541
>      lstevenson@hcblawfirm.com
>      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which sent notification of such filing to the following:

| | |
|---|---|
| Theodore C. Beckett, III | Edward A. Stump |
| Beckett & Hensley L.C. | The Law Offices of Edward A. Stump, LLC |
| 2345 Grand Boulevard, Suite 1600 | P. O. Box 412602 |
| Kansas City, MO 64108 | Kansas City, MO 64141 |
| *Attorneys for Defendant Michael Andrews* | *Attorney for Defendants Ray Perrin and RAJJ Entertainment, Inc.* |

       */s/ **Laurel E. Stevenson***
       Attorney of Record