IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-00953-BCW |
| ) | |
| MICHAEL L. ANDREWS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Michael Andrews' motion to dismiss for failure to state a claim. (Doc. #17). The Court, being duly advised of the premises, denies without prejudice said motion.

## BACKGROUND

Plaintiff Great Lakes Insurance SE filed its complaint for declaratory judgment on November 27, 2019. Plaintiff named the following Defendants: Michael Andrews, Ray Perrin, and RAJJ Entertainment, Inc. d/b/a Tool Shed Lounge. (Doc. #1).

Under the allegations of the complaint, Great Lakes issued a general liability insurance policy to Ray Perrin for the Tool Shed for the period between July 30, 2012 to July 30, 2013. During this time period, an altercation between Defendant Michael Andrews ("Andrews") and Kyle Buelterman occurred in the parking lot of the Tool Shed, where Andrews sustained injuries. The altercation resulted in a lawsuit, for which Plaintiff provided a defense to Perrin and RAJJ Entertainment. Judgment was entered against Perrin and RAJJ Entertainment. Thereafter, Plaintiff filed the instant action seeking declaratory judgment pursuant to the Declaratory Judgment Act,

1

28 U.S.C. § 2201, requesting this Court declare that: (a) the allegations which gave rise to underlying lawsuit and subsequent judgment did not constitute an occurrence for which Great Lakes had a duty to defend; (b) the allegations which resulted in the underlying action and judgment did not trigger Great Lake's duty to indemnify; (c) the policy provides no coverage for RAJJ Entertainment; and (d) the insurance policy excludes coverage for bodily injuries arising from a physical altercation, which applies here. Plaintiff also seeks judgment in its favor, an award of attorney's fees, expenses and costs, and any further relief deemed just and proper.

In the instant motion, filed on January 24, 2020, Andrews seeks dismissal of the complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Fed. R. Civ. P. 12(b)(6)). Factual allegations in the complaint must be "enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court need not accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## ANALYSIS

As an initial matter, the Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 because the diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.

2

Andrews argues the Court should dismiss Plaintiff's complaint for failure to state a claim because the policy at issue states the insurer is "Great Lakes Reinsurance (UK) PLC" not Great Lakes Insurance SE. As such, Andrews asserts the Plaintiff fails to show it is a party to the insurance policy and therefore fails to state a claim for which relief can be granted. Plaintiff counters that it raised this issue during a scheduling hearing with the Court on January 23, 2020 and made the Court aware that there may be an issue as to the named plaintiff. Plaintiff further asserts it informed the Court that any issues as to the named plaintiff in this case would be resolved between the parties. Rather than seeking resolution, Plaintiff argues Andrews instead filed the instant motion.

On January 23, 2020, the Court held a scheduling hearing where all parties were represented by counsel. Plaintiff's counsel informed the Court it is a successor to Great Lakes Reinsurance (UK) PLC and as such, complications relating to the named plaintiff may arise but would be resolved amongst the parties. Hearing no objections, the Court agreed. The Court construes Plaintiff's request that issues about the named plaintiff should first be resolved amongst the parties as an oral motion, which it granted. Drawing reasonable inferences in favor of the nonmoving party, the Court finds the parties did not have an opportunity to resolve this matter amongst themselves prior to Andrews filing the motion to dismiss. Accordingly, it is

ORDERED Andrews' motion to dismiss for failure to state a claim (Doc. #17) is DENIED WITHOUT PREJUDICE. It is further

ORDERED, consistent with the oral motion and Court's ruling on January 23, 2020, the parties are instructed to meet and confer in an to attempt to resolve any issues relating to the named plaintiff. It is further

3

ORDERED to the extent Plaintiff seeks to amend the complaint through interlineation, Plaintiff is instructed to file a motion seeking leave of the Court to amend the complaint.

IT IS SO ORDERED.


DATE: <u>September 28, 2020</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT