# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GREAT LAKES INSURANCE SE,     )
     )
    Plaintiff,     )
     )
v.     )    Case No. 4:19-CV-00953-BCW
     )
MICHAEL L. ANDREWS, et al.,     )
     )
    Defendants.     )

## ORDER

Before the Court is Plaintiff Great Lakes Insurance SE's ("Great Lakes") motion for summary judgment as to all claims and counterclaims. (Doc. # 29). The Court, having reviewed the premises of the motion, the record, and applicable law, grants said motion.

## BACKGROUND

On November 27, 2019, Great Lakes filed this declaratory judgment action against Defendants Michael Andrews, Ray Perrin, and RAJJ Entertainment, Inc. d/b/a the Tool Shed Lounge seeking a determination that they owed no coverage for a judgment entered against its insured, Perrin and Tool Shed Lounge. Defendants filed counterclaims for bad faith refusal to settle, breach of contract, and breach of fiduciary duty, arguing Great Lakes owes coverage under the policy and Missouri law.

The uncontroverted facts pertaining to the applicable insurance policy the underlying judgment are as follows. Great Lakes issued a commercial liability insurance policy to Ray Perrin d/b/a The Tool Shed for a policy period of July 30, 2012 to July 30, 2013. The policy contains an "Assault and Battery Exclusion" as follows:

1

**2. Exclusions**
This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of an "assault," "battery," or "physical altercation":

. . .

  c.  Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault," "battery," or "physical altercation," . . . including, but not limited to, negligent hiring, training, or supervision; or

  d.  Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, or other persons.

Doc. #8-1.

On August 1, 2012, a physical altercation occurred on the premises of the Tool Shed Lounge between its employee and a patron, Michael Andrews. Andrews subsequently filed an action in Circuit Court of Jackson County, Missouri asserting claims for negligence against Perrin/Tool Shed Lounge. (Doc. #1-4). Under a reservation of rights, Great Lakes retained a law firm to defend Perrin/Tool Shed Lounge in that action.

On June 21, 2019, the Jackson County Court entered judgment finding Perrin/Tool Shed Lounge liable for "negligent hiring, retaining or supervision" and "failing to provide safe travel or failing to protect or failing to warn or failing to provide adequate security." (Doc. #1-3). On July 23, 2019, Great Lakes notified Perrin it had no duty to indemnify Perrin/Tool Shed Lounge under the policy because the Jackson County judgment falls within the policy's Assault and Battery Exclusion.

In the instant motion, Great Lakes moves for summary judgment on all claims, arguing there are no issues of fact and the Jackson County judgment falls within the Assault and Battery Exclusion ("Exclusion") such that Great Lakes owes no coverage to Perrin/Tool Shed Lounge. In opposition, Defendants argue the Exclusion does not apply because the underlying judgment was

for negligence, and further, that even if the Exclusion applies, coverage is not precluded under Missouri's concurrent proximate cause rule.

## LEGAL STANDARD

"Disputes arising from interpretations and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute." Safeco Insurance Co. of Am. v. Schweitzer, 372 F.Supp.3d 884, 889 (W.D. Mo. 2019) (citing Centermark Props. v. Home Indem. Co., 897 S.W.2d 98, 100 (Mo. Ct. App. 1995)).

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden to establish that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, the court evaluates the evidence in the light most favorable to the nonmoving party and the nonmoving party is entitled to "the benefit of all reasonable inferences." Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991); White v. McKinley, 519 F.3d 806, 813 (8th Cir. 2008).

## ANALYSIS

I.    Summary judgment as to Plaintiff's declaratory judgment claim is granted.

Great Lakes argues Perrin/Tool Shed Lounge are not entitled to coverage for the Jackson County judgment because the Exclusion applies to claims stemming from a physical altercation, including negligence. Defendants argue the Exclusion does not apply, and thus Great Lakes owes coverage, because the underlying judgment did not involve an assault claim and did not name the

assailant as a party to the action. Defendants also argue that even if the Exclusion applies, Perrin/Tool Shed Lounge is entitled to coverage under the concurrent proximate cause rule.

"[A]n insurance company seeking to avoid coverage by reason of a policy exclusion has the burden of proving the applicability of the exclusion." State Farm Fire & Cas. Co. v. D.T.S., 867 S.W.2d 642, 644 (Mo. Ct. App. 1993). Courts must "interpret the language of an insurance policy to mean 'what a reasonable layperson in the position of the insured would have thought [it] meant.'" Penn-Star Ins. Co. v. Griffey, 306 S.W.3d 591 (Mo. Ct. App. 2010) (citing Green v. Penn-Am. Ins. Co., 242 S.W.3d 374, 383 (Mo. Ct. App. 2007)). "A policy that is unambiguous must be enforced as written." Id. If policy language is ambiguous, however, courts must "adopt the interpretation that is most favorable to the insured." Id. (citing Capitol Indem. Corp. v. Callis, 963 S.W.2d 247, 249 (Mo. Ct. App. 1997).

In Callis, where an assault and battery exclusion was at issue under facts similar to those in this case, the court found the exclusion applied to any claim "arising from" assault or battery, including negligence claims. 936 S.W.2d at 250 ("Although the injuries may have been caused by the negligent acts of the defendant, that does not necessarily mean that they did not arise out of an assault and/or battery."). There, the exclusion included the following language: "[t]his insurance does not apply to bodily injury . . . arising out of assault, battery or assault and battery." Id. at 248. Here, the language of the Exclusion is more specific, as it states in part "bodily injury . . . arising out of . . . a physical altercation . . . whether or not caused by or arising out of negligent conduct . . . by the insured" is not covered under the policy. Thus, based on the unambiguous language of the Exclusion, negligence claims arising from a physical altercation are not covered.

Defendants challenge the fact that the Jackson County judgment for negligence arose from an assault/physical altercation such that it is subject to the Exclusion. Notwithstanding Defendants'

position on this point, however, the Jackson County Court record shows that Andrews sought relief in that case for injuries that arose from the physical altercation. In Andrews' notice of appeal, he described the case as "a personal injury action against defendants for injuries sustained by [Andrews] during a physical altercation" and the altercation is discussed at length in the trial testimony. (Docs. #30-6, #30-5). Callis, 936 S.W.2d at 250 (citing Terra Nova Ins. Co. v. North Carolina Ted, Inc., 715 F.Supp. 688, 691 (E.D. Penn. 1989) ("[r]egardless of the language of the allegation, the original cause of the harm arose from an alleged assault and battery.").

Next, Defendants' argument that Great Lakes owes coverage according to Missouri's concurrent proximate cause rule is unavailing. The rule provides that "an insurance policy will be construed to provide coverage where an injury was proximately caused by two events—even if one of these events was subject to an exclusion clause—if differing allegations of causation are independent and distinct." Taylor v. Bar Plan Mut. Ins. Co., 457 S.W.3d 340, 347 (Mo. 2015). "For the rule to apply, the injury must have resulted from a covered cause that is truly 'independent and distinct' from the excluded cause." Id. at 348. Here, there is no independent covered cause, as negligence was the only cause of action in the Jackson County judgment, and as discussed above, negligence arising from a physical altercation is an excluded cause.

For the above reasons, the Court finds the policy excludes coverage for the underlying judgment and thus Great Lakes owes no duty to indemnify Perrin/Tool Shed Lounge.

II.    Summary judgment as to Defendants' counterclaims is granted.

Great Lakes argues Defendants' counterclaims for bad faith refusal to settle, breach of contract, and breach of fiduciary fail as a matter of law. Because Defendants' claims all stem from their assertion the Jackson County judgment is covered under the policy, Defendants' claims fail in light of the Court's finding above that the judgment is subject to the Exclusion and thus not

5

covered. See View Home Owner's Ass'n v. The Burlington Ins. Co., 552 S.W.3d 726, 733 (Mo. Ct. App. 2018) (citing Arch Ins. Co. v. Sunset Fin. Serv., Inc., 475 S.W.3d 730, 735 (Mo. Ct. App. 2015)) ("where an insurer had no duty to defend or indemnify under the insurance policy, there cannot be a claim for vexatious refusal to defend or indemnify.").

To the extent Defendants sought to stay this matter pending additional discovery in order to respond to Great Lakes' statement of uncontroverted facts, the Court denies the request as no additional facts are necessary to the determination of coverage. Accordingly, it is hereby

ORDERED Plaintiff's motion for summary judgment (Doc. #29) is GRANTED.

IT IS SO ORDERED.

Date: March 3, 2021                                    /s/ Brian C. Wimes
                                                       JUDGE BRIAN C. WIMES
                                                       UNITED STATES DISTRICT COURT